**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BENJAMIN MACIAS,

    Plaintiff,

v.

SMITH'S FOOD AND DRUG CENTER,

    Defendant.

Case No.: 2:20-cv-01554-JAD-NJK

**ORDER**

[Docket No. 13]

    Pending before the Court is Defendant Smith's Food and Drug Center's motion to strike/exclude Plaintiff's untimely disclosed medical records and bills. Docket No. 13. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 13, 14, 16. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **GRANTS** the motion. Docket No. 13.

**I.  BACKGROUND**

    Plaintiff alleges that, on October 13, 2017, he tripped over a broom and fell at Defendant's store. Docket No. 1-1 at 4. On October 7, 2019, Plaintiff sued Defendant and filed a complaint in state court alleging negligence. *Id.* at 1, 5.

    Initially, the case was referred to the state court's mandatory arbitration program. Docket No. 3 at 2. The arbitrator issued a scheduling order, setting a discovery cutoff of July 2, 2020. Docket No. 14 at 5. After the discovery cutoff, Plaintiff disclosed bills and records of past and future medical treatment. Docket No. 13 at 4–5. Based on the potential damages reflected in the records for future medical treatment, Plaintiff requested removal from the state court's mandatory arbitration program. *Id.* at 6. The case was removed from the mandatory arbitration program, with Plaintiff paying all fees and costs of the arbitrator. *Id.*

1

On August 21, 2020, Defendant removed the action to this Court based on diversity jurisdiction. Docket No. 1. On September 17, 2020, the parties convened for a Rule 12(f) conference and subsequently filed a joint proposed discovery plan.[1] Docket No. 10. The parties submitted that they had conducted discovery before Defendant filed its notice of removal. *Id.* at 2. Thereafter, on September 25, 2020, the Court entered a scheduling order and set a discovery cutoff of February 17, 2021. Docket No. 11. On November 19, 2020, Defendant filed the instant motion to strike. Docket No. 13.

## II.   LEGAL STANDARD

### A. Rule 26 Disclosures

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). The damages computation enables the defendant to understand the contours of its liability exposure and, by extension, to make informed decisions regarding settlement. *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009). "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). In addition to disclosing damages computation, Rule 26 requires the disclosing party to make available the documents that support its damages computation. Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments.

The disclosing party also has a duty to supplement incomplete or inaccurate disclosures in a timely manner. Fed. R. Civ. P. 26(e). The key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the disclosing party. *American Gen. Life Ins. Co. v. Vistana Condo. Owners Assoc.*, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016). While the disclosing party has a duty to obtain sufficient information within a

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

reasonable timeframe as to what damages she will claim, Rule 26 provides for needed flexibility in supplementing the initial disclosure damages computation as the case progresses and circumstances evolve. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). However, "[s]upplementation under the Rules means correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Rule 26(e) does not "create a loophole through which a party . . . who wishes to revise [his] initial disclosures . . . can add to them to [his] advantage after the court's deadline for doing so has passed.'" *Luke v. Family Care and Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009). The Rules provide that "litigants should not indulge in gamesmanship with respect to the disclosure requirements." Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments.

### B. Rule 37(c)(1) Sanctions

When a disclosing party fails to disclose or supplement its Rule 26 disclosures, courts turn to Rule 37 to determine if sanctions are appropriate. Rule 37 provides in pertinent part:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the requirements of Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Generally, an exclusion sanction is "self-executing" and "automatic." Advisory Committee Notes to 1993 Amendments. Nonetheless, courts are entrusted with "particularly wide latitude" in exercising this discretion to impose sanctions under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106.

In exercising that discretion, courts determine initially whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing that substantial justification or harmlessness exists. *Yeti by Molly*, 259 F.3d at 1107. Courts consider several factors to determine whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3)

3

the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x. 705, 713 (9th Cir. 2010).

"Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594. Courts have identified various factors to determine whether to impose exclusion sanctions, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.* (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)). The element of prejudice is essential. *Alutiiq Intern. Sol., LLC v. OIC Marianas Ins. Corp.*, 305 F.R.D. 618, 627 (D. Nev. 2015).

**III.   ANALYSIS**

Defendant submits that Plaintiff violated his discovery obligations under Rule 26 by failing to disclose damages computation in a timely manner. Docket No. 13 at 1–7, 10. Defendant therefore asks the Court to impose sanctions pursuant to Rule 37(c)(1) and exclude all treatment records and bills disclosed in July 2020. *Id.* at 12; *see also* Docket No. 16 at 2.

**A. Rule 26 Disclosures**

Defendant submits that Plaintiff violated his discovery obligations by withholding documents regarding past and future medical treatment until July 2020, after several months of litigation in the state court's mandatory arbitration program. Docket No. 13 at 4, 5. Specifically, Defendant submits that Plaintiff withheld bills and treatment records from healthcare providers Plaintiff consulted within four months of his injury, including Steinberg Diagnostics and Nevada Orthopedic & Spine Center. *Id.* at 4. Defendant further submits that Plaintiff withheld information pertaining to future medical treatment with Dr. Timothy Trainor. *Id.* at 7.

In response, Plaintiff submits that he timely disclosed his prior treatment with Steinberg Diagnostics and Nevada Orthopedic & Spine Center at his deposition in June 2020, because his counsel was not aware of the prior treatment until Plaintiff's deposition and worked to obtain the records quickly once learning of them. Docket No. 14 at 6. The critical question is whether the

4

timing of Plaintiff's disclosures is reasonable based on when the information contained in the disclosure was available to Plaintiff. *American Gen. Life Ins. Co*, 2016 WL 1611585, at *2. Defendant submits, and Plaintiff does not dispute, that Plaintiff consulted Dr. George Tsao shortly after filing suit in state court and provided Dr. Tsao with information about his prior treatment. Docket No. 13 at 6. Thus, Plaintiff was aware of his prior treatment as soon as the instant action commenced in state court, yet failed to disclose the information until several months later.

Further, Plaintiff fails to respond to Defendant's argument that he failed to disclose information regarding his future medical treatment in a timely manner. *See generally* Docket No. 14. Plaintiff's failure to respond to this argument constitutes an admission that the argument has merit. LR 7-2(d); *see also Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstrif & Taylor LLP*, 2010 WL 4121886, at *7 (D. Nev. Oct. 15, 2010). In any event, Defendant submits and Plaintiff does not dispute, that Plaintiff knew about his future medical treatment with Dr. Trainor based on Dr. Tsao's treatment records from January 2020. Docket No. 13 at 7; *see also* Docket No. 13-9 at 6. Plaintiff also does not dispute Defendant's submission that, in response to written discovery requests, Plaintiff failed to disclose future medical treatment plans. Docket No. 13 at 5.

The Court therefore finds that the timing of Plaintiff's disclosures regarding past treatment at Steinberg Diagnostics and Nevada Orthopedic & Spine Center and future treatment with Dr. Trainor was not reasonable. Accordingly, Plaintiff violated his discovery obligations under Rule 26 with respect to these disclosures.

**B. Rule 37(c)(1) Sanctions**

Defendant asks the Court to exclude Plaintiff's disclosures regarding past treatment at Steinberg Diagnostics and Nevada Orthopedic & Spine Center and future treatment with Dr. Trainor. Docket No. 13 at 12; *see also* Docket No. 16 at 2.

Defendant submits that Dr. Trainor's treatment records produced in Plaintiff's untimely disclosures showed that Plaintiff's injury had worsened from a subtle meniscus tear to a full-thickness tear requiring surgery. Docket No. 13 at 5. Defendant further submits that, if Plaintiff had disclosed all prior treatment records and plans for future medical treatment, Defendant would have performed a Rule 35 medical examination. *Id.* Defendant submits that a Rule 35 examination

5

is no longer helpful because Plaintiff's condition has "drastically changed from a subtle meniscus tear to a full-thickness meniscus tear that must be surgically repaired." *Id.*

In response, Plaintiff submits that exclusion of his past and future treatment records and bills is unwarranted because he did not act in bad faith and because allowing the treatment records and bills will neither prejudice Defendant nor disrupt trial. Docket No. 14 at 10. Specifically, Plaintiff submits that his disclosure of prior treatment at his deposition was timely and that only the records pertaining to his prior treatment were delayed. *Id.* Plaintiff further submits that his counsel was not aware of the undisclosed treatment until he testified at his deposition and that his failure to disclose the information "was due to mistake and miscommunication about the dated treatments." *Id.* at 3, 6, 10. In addition, Plaintiff submits that no disruption to trial will occur given that discovery remains open in federal court. *Id.* at 10.

In reply, Defendant submits that exclusion sanctions are warranted because Plaintiff knew about the treatment and failed to disclose the information. Docket No. 16 at 3, 7. Defendant further submits that Plaintiff's failure to disclose his plans for future treatment, despite affirmative knowledge to the contrary, resulted in unnecessary arbitration proceedings, extended the scope of the instant action and, therefore, prejudiced Defendant. *Id.* at 4–7, 8.

Whether it is appropriate to impose exclusion sanctions is an equitable analysis entrusted to the Court's discretion based on the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Wendt*, 125 F.3d at 814. "[T]he key factors are prejudice and availability of lesser sanctions." *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012).

Initially, the Court is not persuaded by Plaintiff's argument that exclusion sanctions are not warranted because his disclosure of prior treatment at his deposition was timely and only the records pertaining to his prior treatment were delayed. Plaintiff's disclosure of his prior treatment at his deposition is not dispositive in evaluating the reasonableness of Plaintiff's disclosure. Further, Plaintiff's failure to timely disclose highly relevant information regarding his past and future medical treatment has impeded the public's interest in expeditious resolution of litigation.

Indeed, Plaintiff's failure to timely disclose this information resulted in nearly nine months of unnecessary litigation in the state court's mandatory arbitration proceedings. Had Plaintiff timely disclosed this information as required under state and federal procedural rules, this action may have been removed to federal court earlier and proceeded without undue delay.

Additionally, the fact that discovery remains open in federal court is of no consequence. Lengthy discovery proceedings occurred in state court and removal does not void already-answered discovery and corresponding discovery obligations. *See Oliva v. Cox Commc'n Las Vegas, Inc.*, 2018 WL 6171780, at *1 (D. Nev. Nov. 26, 2018). Moreover, Plaintiff's failure to timely disclose his past and future medical treatment has foreclosed Defendant's ability to conduct a meaningful Rule 35 medical examination of Plaintiff. Counsel's inadvertence is an insufficient basis to justify Plaintiff's extensive delay in disclosing highly relevant information, particularly where the delay has prejudiced Defendant by foreclosing a critical discovery tool. *See Cronin v. Pac. Gas and Elec. Co.*, 2017 WL 1209938, at *2 (N.D. Cal. Apr. 3, 2017). The Court finds that Plaintiff's untimely disclosures significantly prejudiced Defendant and that no lesser sanctions than exclusion would remedy the prejudice Plaintiff's untimely disclosures caused.

Therefore, the Court finds that that exclusion sanctions under Rule 37(c)(1) are warranted.

### IV.  CONCLUSION

Accordingly, Defendant's motion to strike/exclude Plaintiff's untimely disclosed medical records and bills is hereby **GRANTED**. Docket No. 13. The bills and treatment records disclosed in Plaintiff's First Supplement and Errata are excluded and the amount of medical specials and treatment that Plaintiff can claim as damages are capped at those disclosed in his Initial Disclosures.

IT IS SO ORDERED.

Dated: December 17, 2020

_____
Nancy J. Koppe
United States Magistrate Judge